IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, ) ) ) ) *Plaintiffs*, ) ) v. ) ) MIDWAY STORAGE AND DISTRIBUTION, LTD., an Ohio limited liability company; BOWLING TRANSPORTATION, INC., an Ohio corporation; RMB ENTERPRISES, INC., an Ohio corporation; B&D TRUCK PARTS, SALES AND SERVICES, LLC, an Ohio limited liability company; and BOWLING FEED LOT, INC., an Ohio corporation, ) ) ) *Defendants*. ) | Case No. 24-cv-15504 Judge Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

**PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Midway Storage and Distribution, Ltd. ("Midway") is a limited liability company organized under the laws of the State of Ohio.

8. Defendant Bowling Transportation, Inc. ("Bowling Transportation") is a corporation organized under the laws of the State of Ohio.

9. Defendant RMB Enterprises, Inc. ("RMB") is a corporation organized under the laws of the State of Ohio.

10. Defendant B&D Truck Parts, Sales and Services, LLC ("B&D Truck Parts) is a limited liability company organized under the laws of the State of Ohio.

11. Defendant Bowling Feed Lot, Inc. ("Bowling Feed") is a corporation organized under the laws of the State of Ohio.

## CLAIM FOR RELIEF

12. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. On or about December 4, 2022, Donald K. Bowling directly or indirectly owned at least 80% of the ownership interest of Midway.

14. On or about December 4, 2022, Donald K. Bowling directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Bowling Transportation.

15. On or about December 4, 2022, Donald K. Bowling directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of RMB.

16. On or about December 4, 2022, Donald K. Bowling directly or indirectly owned at least 80% of the ownership interest or at least 80% of the profits interest or capital interest of B&D Truck Parts.

17. On or about December 4, 2022, Donald K. Bowling directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Bowling Feed.

18. On or about December 4, 2022, Midway, Bowling Transportation, RMB, B&D Truck Parts, and Bowling Feed were a group of trades or businesses under common control (the "Midway Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

19. The Midway Controlled Group is the "employer" for purposes for the determination and assessment of withdrawal liability under Title IV of ERISA.

20. During all relevant times, Midway was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Midway was required to make contributions to the Pension Fund on behalf of certain of its employees.

21. The Pension Fund determined that on or about December 4, 2022, the Midway Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

22. As a result of this complete withdrawal, the Pension Fund determined that the Midway Controlled Group incurred withdrawal liability to the Pension Fund in the principal amount of $1,925,892.43, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

23. On or about September 15, 2023, the Midway Controlled Group, through Midway, received a notice and demand for payment of the withdrawal liability issued by the Pension Fund

in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

24. In the notice and demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by October 1, 2023, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2)(E) of the Pension Fund's Pension Plan. The amount demanded was $1,925,892.43, the balance owed at that time on the withdrawal liability.

25. By letter to the Pension Fund dated December 12, 2023, the Midway Controlled group, through Midway, requested review of the withdrawal liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

26. On or about June 7, 2024, the Midway Controlled Group, through Midway, initiated arbitration with respect to the withdrawal liability pursuant to section 4221(a) of ERISA, 29 U.S.C. § 1401(a), which arbitration remains pending.

27. Pursuant to sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

28. The Midway Controlled Group failed to make the required withdrawal liability payment to the Pension Fund.

29. Each of the Defendants, as members of the Midway Controlled Group, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs, Pension Fund and Charles A. Whobrey, as trustee, request the following relief:

(a) A judgment against Defendants Midway, Bowling Transportation, RMB, B&D Truck Parts, and Bowling Feed, jointly and severally, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for–

(i) the unpaid withdrawal liability in the amount of $1,925,892.43;

(ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

(iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/Helen A. Lozano*
Helen A. Lozano, ARDC # 6321032
Central States Funds
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 582-5122
hlozano@centralstatesfunds.org

December 22, 2025                                                         *ATTORNEY FOR PLAINTIFFS*